## WRIT OF ERROR.

*In re*, CLASON *v.* SHOTWELL, 12 J. R. 31.

In S. Ct. 10 J. R. 304.

*To what Writ of Error will lie; Forcible Entry and Detainer.*

THE Court of Errors held in this case, that the decision of the Supreme Court on a prosecution for a forcible entry and detainer, where no return could be obtained to a certiorari, by reason of the death of the justice of the peace, before the record was made out, and the Supreme Court had investigated the facts on affidavits, and awarded a restitution, might on a writ of error to the Court of Errors, be reviewed upon the evidence presented to the court below.

They also held that every final or definitive sentence or decision of the Supreme Court by which the merits of a cause are settled or determined, although such sentence or order is not technically a judgment, or the proceedings are not capable of being enrolled so as to constitute what is technically called a record, is a *judgment* within the meaning of the constitution of this state, and is subject to the appellate jurisdiction of the Court of Errors.

*Aliter*, as to interlocutory orders of the Supreme Court.

☞ The expression of the clause of the constitution referred to is, " when a writ of error shall be brought on a judgment of the Supreme Court." Art. 5 of Constitution of 1821, Sec. 1.

In the constitution of 1846, Art. 6, Sec. 25, is contained the following provision in respect to the jurisdiction of the Court of Appeals :

Section 25. " The legislature at its first session after the adoption of this constitution, shall provide for the organization of the Court of Appeals, and for transferring to it the business pending in the Court for the Correction of Errors,

and for the allowance of writs of error and appeals to the Court of Appeals, from the judgments and decrees of the present Court of Chancery and Supreme Court, and of the courts that may be organized under this constitution. Section 21st of the same article provides that "The legislature may authorize the judgments, decrees and decisions of any local, inferior court of record, of civil original jurisdiction, established in a city, to be removed for review directly into the Court of Appeals."

The judiciary act of May 12, 1847, Sec. 8, provides that "The Court of Appeals, shall have full power to correct and redress all errors that have happened or may happen in the present Supreme Court and Court of Chancery, and that may happen in the Supreme Court organized by this act, &c. Section 10 provides that "The court shall examine all errors that shall be assigned or found in any record brought from the present Supreme Court, or in any process or proceeding touching the same, or in any record of the Supreme Court organized by this act ; and shall reverse or affirm any such judgment, or give such other judgment as the law may require."

The jurisdiction of the Court of Appeals seems under these provisions to remain as to writs of error from the new Supreme Court or other courts, the same as that of the Court of Errors under the constitution of 1821.